CATHERINE E. HOLZHAUSER, SBN 118756
BEESON, TAYER & BODINE, APC
520 Capitol Mall, Suite 300
Sacramento, CA 95814-4714
Telephone:     (916) 325-2100
Facsimile:      (916) 325-2120
Email:            cholzhauser@beesontayer.com

Attorneys for Plaintiff Trustees on Behalf of Supplemental Income 401(k) Plan

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES ON BEHALF OF SUPPLEMENTAL INCOME 401(k) PLAN,<br><br>         Plaintiff,<br><br>    v.<br><br>BAUER'S INTELLIGENT TRANSPORATION, INC.,<br><br>         Defendant. | Case No.<br><br>**COMPLAINT** |

PLAINTIFF ALLEGES AS FOLLOW:

### JURISDICTION AND VENUE

1. This action arises under the National Labor Relations Act, 29 U.S.C. section 185, and under the Employee Retirement Income Security Act, 29 U.S.C. sections 1132 and 1145 for the administration of trust fund business. This Court has jurisdiction as the Defendant's place of business is in the County of San Francisco. 29 U.S.C. §1132(e)(2).

2. <u>Intradistrict Assignment</u>. The acts and/or omissions alleged herein arose in the County of San Francisco and thus this matter is properly assigned to the San Francisco or Oakland Division of the Northern District Court.

### PARTIES

3. Plaintiff Trustees on Behalf of Supplemental Income 401(k) Plan ("Plaintiff" or "trust Fund") is an employee benefit plan within the meaning of 29 U.S.C. sections 1002 and 1132(d).

Plaintiff is a "Trust Fund" originally established by a Trust Agreement. A copy of the Agreement and Declaration of trust (restated as of August 6, 2009), and all Amendments, are attached as Exhibit "A".

4. Plaintiff is informed and believes and on that basis alleges that, during all relevant times described in this complaint, Defendant Bauer's Intelligent Transportation, Inc. was a corporation doing business in San Francisco, California.

## FACTUAL ALLEGATIONS

5. Defendant is a signatory to a Collective Bargaining Agreement ("CBA") with Teamsters Local Union 665, which obligates Defendant to make contributions on behalf of its employees to the Supplemental Income 401(k) Plan ("Trust Fund"). A true and correct copy of that Agreement is attached as Exhibit "B" and is incorporated by reference.

6. Defendant is also a signatory to a Subscriber Agreement making Defendant a participant in the Plaintiff Trust Fund and binding Defendant to the terms and conditions of the Trust Agreement referenced herein. A true and correct copy of the Subscriber's Agreement is attached as Exhibit "C" and is incorporated by reference.

7. Pursuant to the terms of the CBA and the Subscriber's Agreement, Defendant is bound to make contributions of $1.00 an hour for all hours worked or paid for (up to a maximum of 2080 hours per calendar year) on behalf of eligible employees to the Trust Fund. In addition, employees shall be allowed to direct pre-tax wages to the Trust Fund.

8. Pursuant to the terms of the CBA and the Subscriber's Agreement, Defendant is bound to transmit the contributions described above to the Trust Fund's Administrative Office immediately after each payroll period, or no less frequently than twice per month.

9. Transmission of said contributions must be in the format specified by the Trust Fund and received by the Plan within fifteen (15) calendar days of each payday. Contributions are considered delinquent if not fully transmitted and received by the Trust Fund by the 15th calendar day following the payday. If a transmission is delinquent, the Employer is bound to pay liquidated damages and interest on the delinquent contributions. Specifically, Article XII, Section 3 provides for six percent (6%) liquidated damages (or $25.00, whichever is greater) for delinquent contribution

1  amounts received less than two weeks past the due date or twelve percent (12%) liquidated damages
2  (or $25.00, whichever is greater) for delinquent contribution amounts received later than two weeks
3  past the due date.  In addition, Article XII, Section 5 provides for the assessment of compound
4  interest.  This provision was updated in Amendment Number Two to the Trust Agreement effective
5  with contributions due on or after February 15, 2014.

## CAUSE OF ACTION

### Collection of Delinquencies

8  　　　10.　　Plaintiff realleges and incorporates by reference the allegations set forth above as
9  though fully set forth herein.

10  　　　11.　　Defendant has not paid its contributions owed on behalf of covered employees for the
11  period of January 1, 2017 through June 1, 2018.  This failure resulted in a deficiency of $87,759.70 in
12  delinquent contributions owed to the Plaintiff: $56,993.01 for the payroll dates of January 1, 2017
13  through December 31, 2017 and $30,766.69 for the payroll dates January 1, 2018 through June 1,
14  2018.  The delinquent contributions are known because Defendant built rosters on the Trust Fund
15  website for 35 employees in 2017 and 42 employees for the period of January 1, 2018 through June
16  1, 2018 but never completed the transaction by paying the amount owed.  A breakdown of the
17  amount owed is attached as Exhibit "D" and is incorporated by reference.

18  　　　12.　　Defendant owes $6,839.16 in liquidated damages for late payment of the contributions
19  owed for payroll dates of January 1, 2017 through December 31, 2017 payroll date and $3,692.00 in
20  liquidated damages for late payment of the contributions owed for the January 1, 2018 through June
21  1, 2018 payroll dates.  The interest amount is unknown at this time because the underlying
22  contributions have not been paid.  A breakdown of the amounts owed is attached as Exhibit "D" and
23  is incorporated by reference.

24  　　　13.　　In addition, Defendant owes $4,722.24 in liquidated damages:  $3,221.18 in liquidated
25  damages and interest for the December 31, 2016 payroll date, $525.90 in liquidated damages and
26  interest for the September 7, 2018 payroll date, $523.60 in liquidated damages and interest for the
27  November 2, 2018 payroll date and $451.56 in liquidated damages and interest for the January 11,
28

2019 payroll date. A breakdown of the amounts owed is attached as Exhibit "D" and incorporated by reference.

14. Despite repeated attempts by the Plaintiff to collect these amounts, Defendant has not paid the outstanding contributions, liquidated damages and interest. Therefore, Plaintiff has been unable to determine the exact amounts owed to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a judgment ordering payment as follows:

1. $56,993.01 in unpaid contributions now due and owing for January 1, 2017 through December 31, 2017;
2. $30,766.69 in unpaid contributions now due and owing for January 1, 2018 through June 1, 2018;
3. $6,839.16 in unpaid liquidated damages now due and owing for January 1, 2017 through December 31, 2017;
4. $3,692.00 in unpaid liquidated damages now due and owing for January 1, 2018 through June 1, 2018;
5. Interest now due and owing from January 1, 2017 through June 1, 2018;
6. $4,722.24 in liquidated damages and interest for late payment of the contributions owed for the payroll dates of December 31, 2016, September 7, 2018, November 2, 2018 and January 11, 2019;
7. Reasonable attorney's fees and costs in this action pursuant to 29 U.S.C. section 1132(g)(2)(D) and the Trust Agreement; and
8. For such other and further relief as may be proper.

Dated: July 31, 2019

BEESON, TAYER & BODINE, APC

By: _____
CATHERINE E. HOLZHAUSER
Attorneys for Trustees on Behalf of
Supplemental Income 401(k) Plan

Complaint
Case No.

4

822336