1

2

3                  UNITED STATES DISTRICT COURT

4                 NORTHERN DISTRICT OF CALIFORNIA

5

6    SUPPLEMENTAL INCOME 401(K)
     PLAN,                                    Case No.  4:19-cv-04401-KAW

7              Plaintiff,
                                              **ORDER REGARDING MOTION FOR**
8         v.                                  **DEFAULT JUDGMENT**

9                                             Re: Dkt. No. 34
     BAUER'S INTELLIGENT
10   TRANSPORTATION, INC.,

11             Defendant.

12          On September 18, 2020, Plaintiff Supplemental Income 401(k) Plan filed a Motion for

13   Default Judgment.  (Dkt. No. 34.)  All briefing shall be in compliance with Civil Local Rule 7,

14   including opposition and reply filing deadlines.  However, if no opposition is filed by the deadline

15   under Rule 7, Plaintiff shall instead file a proposed order by the reply deadline.  The submission

16   shall be structured as outlined in Attachment A below and include all relevant legal authority and

17   analysis necessary to establish the case.  Plaintiff shall also email the proposed findings in

18   Microsoft Word (.docx) format to kawpo@cand.uscourts.gov.  No chambers copies of the

19   proposed order need to be submitted.

20          Plaintiff is ordered to serve this notice, and all moving papers pertaining to the pending

21   motion for default judgment (Dkt. Nos. 34-37), upon all other parties in this action, and shall file a

22   certificate of service on the docket.

23          IT IS SO ORDERED.

24   Dated: September 18, 2020

25

26                                         _____
                                           KANDIS A. WESTMORE
27                                         United States Magistrate Judge

28

# ATTACHMENT A

\* \* \*

## INTRODUCTION

*(Relief sought and disposition.)*

## I.    BACKGROUND

*(The pertinent factual and procedural background, including citations to the Complaint and record.  Plaintiff(s) should be mindful that only facts in the Complaint are taken as true for purposes of default judgment; therefore, Plaintiff(s) should cite to the Complaint whenever possible.)*

## II.    LEGAL STANDARD

*(Include the following standard)*

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001). Whether to enter a judgment lies within the court's discretion. *Id.* at 999 (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)).

Before assessing the merits of a default judgment, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the adequacy of service on the defendant. See *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If the court finds these elements satisfied, it turns to the following factors ("the Eitel factors") to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted).  Upon entry of default, all factual allegations within the complaint are accepted as true, except those allegations relating to the amount of damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where a default judgment is granted, the scope of relief "must not differ in kind from, or exceed in

United States District Court
Northern District of California

amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

## III.     DISCUSSION

### A.     Jurisdiction and Service of Process

*(Include the following standard)*

In considering whether to enter default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case.  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

#### i.     Subject Matter Jurisdiction

*(Establish the basis for the Court's subject matter jurisdiction, including citations to relevant case law and United States Code provisions.)*

#### ii.     Personal Jurisdiction

*(Establish the basis for the Court's personal jurisdiction, including citations to relevant legal authority, specific to each defendant.  If seeking default judgment against any out-of-state defendants, this shall include a minimum contacts analysis under Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004)).*

#### iii.     Service of Process

*(Establish the adequacy of the service of process on the party against whom default is requested, including relevant provisions of Federal Rule of Civil Procedure 4.)*

### B.     Application to the Case at Bar

*(A detailed analysis of each individual Eitel factor, separated by numbered headings.  Factors 2 (merits of substantive claims) and 3 (sufficiency of complaint) may be listed and analyzed under one heading.  Plaintiff(s) shall include citations to cases that are factually similar, preferably within the Ninth Circuit.)*

## IV.     RELIEF SOUGHT

*(An analysis of any relief sought, including a calculation of damages, attorneys' fees, etc., with citations to relevant legal authority.)*

United States District Court
Northern District of California

United States District Court
Northern District of California

1. <u>Damages</u>

*(As damages alleged in the complaint are not accepted as true, the proposed findings must provide (a) legal authority establishing entitlement to such damages, and (b) citations to evidence supporting the requested damages.)*

2. <u>Attorney's Fees</u>

*(If attorney's fees and costs are sought, the proposed findings shall include the following: (1) Evidence supporting the request for hours worked, including a detailed breakdown and identification of the subject matter of each person's time expenditures, accompanied by actual billing records and/or time sheets; (2) Documentation justifying the requested billing rates, such as a curriculum vitae or resume; (3) Evidence that the requested rates are in line with those prevailing in the community, including rate determinations in other cases of similarly complex litigation, particularly those setting a rate for the plaintiff's attorney; and (4) Evidence that the requested hours are reasonable, including citations to other cases of similarly complex litigation (preferably from this District).*

3. <u>Costs</u>

*(Any request for costs must include citations to evidence supporting the requested costs and relevant legal authority establishing entitlement to such costs.)*

## V.   CONCLUSION

*(Disposition, including any specific award amount(s) and judgment.)*

\* \* \*